UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
CHESTER DAVIDSON,

                    Petitioner,      06 Civ. 7676 (WHP)(DFE)


        - against –
                                     REPORT AND RECOMMENDATION
                                     TO JUDGE PAULEY
JOSEPH DAVID, Superintendent of
Greene Correctional Facility,
                    Respondent.
--------------------------------X

DOUGLAS F. EATON, United States Magistrate Judge.


        Chester Davidson brings this *pro se* habeas petition to
challenge his state custody following the revocation of his
parole.  Davidson's state custody arises from a judgment of
conviction in the Supreme Court, Kings County entered on June 23,
1993 as a result of a plea of guilty to first-degree
manslaughter.  He was sentenced to an indeterminate sentence of 6
to 18 years.  Davidson was conditionally released to parole
supervision on December 29, 2003.  He was declared delinquent on
April 10, 2004.  After a hearing, an Administrative Law Judge
(ALJ) recommended that Davidson be required to serve out his 1993
sentence to its maximum expiration date.  The Parole Board
adopted the ALJ's recommendation.

                PROCEDURAL HISTORY IN OUR COURT


        In papers dated September 5, 2006, Davidson filed a *pro se*
habeas petition under 28 U.S.C. § 2254.  (Docket Item #3.)  This
included a six-page form and an eight-page attachment stating
eleven grounds.

        On July 10, 2007, Assistant Attorney General Jodi A. Danzig
filed an answer annexing Exhibits A-Z (Docket Item # 10) and also
filed a memorandum of law (Docket Item #11).  I shall refer to
certain of Respondent's Exhibits A-Z as "Ex. ___."

        Davidson, before receiving the answer and memorandum of law,
submitted his Reply notarized on July 11, 2007.  I have numbered
its 23 pages (it also contains 11 exhibits).  I have kept it in
chambers, but I now direct the Clerk's Office to docket it.  It
is well-typed.  Almost every sentence is grammatical and cites to
a state statute or a court decision.  But each argument states
conclusory principles of law, without much logical connection to
the facts.  The Reply is divided into Issues I through VII, which

do not readily correspond to the Petition's Grounds One through Eleven.

On September 24, 2007, I wrote: "I have made a preliminary review of those papers, and I find that Mr. Davidson's claims are thin and his chances of prevailing are poor . . . . Accordingly, I hereby deny Mr. Davidson's [2006] application for appointed counsel."

For the reasons set forth below, I recommend that Judge Pauley deny Davidson's petition.

<u>THE PRIOR PROCEDURAL HISTORY</u>

On June 3, 1993, in Supreme Court, Kings County, Davidson was convicted of Manslaughter in the First Degree and sentenced to an indeterminate sentence of 6 to 18 years. (Ex. A.) On December 29, 2003, the New York State Department of Correctional Services (DOCS) conditionally released Davidson to parole supervision. (Ex. B.) He signed the written conditions attached to his parole release, including the following. He agreed not to "behave in such a manner as to violate the provisions of any law . . . [or] threaten the safety or well being of [himself] or others." (Ex. B.) He agreed not to "own, possess or purchase any instrument readily capable of causing physical injury without a satisfactory explanation for ownership, possession or purchase." (*Id.*)

Less than four months later, on April 10, 2004, Davidson was arrested in Kings County and charged with Assault in the Second and Third Degrees and Criminal Possession of a Weapon in the Fourth Degree. The criminal complaint alleged that he attacked Randy and Ricky Williams on April 10, 2004, while unlawfully possessing a dangerous instrument (a piece of wood embedded with a nail).

Davidson was released on bail as to his criminal warrant, but he was rearrested on May 5, 2004 on a parole violation warrant. Based on the same April 10 incident, the parole report (Ex. D) charged him with violating two parole conditions: Rule # 8 ("nor will my behavior threaten the safety or well-being of . . . others") and Rule # 9 ("I will not . . . possess . . . any instrument readily capable of causing physical injury without a satisfactory explanation for . . . possession"). (Ex. B.) On May 5, Davidson signed a waiver (Ex. C) of his right to a preliminary (probable cause) hearing on the parole violation charge.

The Kings County District Attorney prosecuted Davidson for both (a) the April 10 incident involving Randy and Ricky, and (b) an incident that occurred 13 days earlier on March 28, in which he repeatedly punched Ricky in the face. (*See* Ex. H.) The March 28 incident never became part of the allegations of parole violation. At a jury trial in the Supreme Court, Kings County, Randy and Ricky Williams both testified, but Davidson was found guilty solely on the March 28, 2004 incident involving Ricky. On December 15, 2004, Davidson was sentenced to a one-year determinate sentence for Assault in the Third Degree, a Class A Misdemeanor. *See* Ex. J p. 2; *People v. Davidson*, 35 A.D.3d 630 (2d Dep't 2006), *leave denied*, 8 N.Y.3d 921 (2007). The jury acquitted as to the other charges, including all the charges involving the April 10 incident. *Id.*

On July 20, 2004, following four adjournments chargeable to the Parole Division on May 17, May 20, June 4, and June 25, Davidson appeared *pro se* before Administrative Law Judge John Casey (ALJ) for his final parole revocation hearing. (Ex. K.) The sole witness for the Parole Division was Randy Williams. He testified that in the early morning of April 10, 2004, Davidson started a fight with him by punching him in the face and then hitting him with a nail-embedded stick. (Ex. K pp. 15-21.) He further testified that these actions by Davidson caused injuries which required medical attention. (*Id.* p. 29.) He was transported via ambulance to Interfaith Hospital for treatment. (*Id.* pp. 21-22.)

Davidson conducted a *pro se* cross-examination. (Ex. K pp. 24-50.) He attempted to establish that Williams was a liar, having told a different story to the grand jury. (*Id.* p. 32.) Davidson also implied that Williams had a drinking problem (*Id.* pp. 38-42) and was biased against Davidson because Davidson's mother had evicted Williams from her house (*Id.* pp. 49-50).

At the hearing Davidson stated as follows. He was acting in self defense. "Randy Williams . . . knocked me to the ground and when someone struck me with a stick from behind, that['s] when I kicked him, I ran. I ran home and when the cops came . . . they escorted me out of my house . . . ." (Ex. K p. 58.) Davidson also pointed to a photograph taken on April 15, 2004, to show that he suffered bruising on his hip and buttocks and scrapes on his elbow. (*Id.* pp. 56-57.)

On July 20, 2004, at the end of the hearing, the ALJ filled out a five-page form with his handwritten findings. (Ex. L pp. 2-6.) He found that Davidson was the aggressor in the fight and that he violated his parole. He modified the Delinquency Date to

April 10, 2004.  On August 20, 2004, the ALJ filled out a one-page form entitled "Addendum, Reasons for Recommendation."  (Ex. L p. 1.)  He recommended that Davidson be held in prison until the maximum expiration date of the 1993 sentence.  The Parole Board affirmed this recommendation on August 25, 2004.  (Ex. L p. 1.)

Meanwhile, on August 4, 2004, Davidson, while being held on Rikers Island, filed a habeas petition in Supreme Court, Bronx County, in which he challenged the validity of the parole revocation proceedings.  On September 29, 2004, Justice Phyllis Skloot Bamberger denied that petition and wrote a thorough opinion (Ex. G), which was affirmed, *People ex rel. Davidson v. Warden*, 22 A.D.3d 344 (1st Dep't 2005), *leave dismissed*, 5 N.Y.3d 872 (2005), and *leave denied*, 6 N.Y.3d 703 (2006).

By notice mailed February 28, 2005 (Ex. N), the Appeals Unit of the Board of Parole acknowledged receiving Davidson's brief on December 27, 2004 and affirmed the determination of the Parole Board.  The Appeals Unit annexed a two-page typewritten statement of its reasons.  (Ex. N pp. 2-3.)

On May 26, 2005, Davidson prepared a lengthy petition pursuant to Article 78 of the New York Civil Practice Law and Rules (CPLR) consisting of an affidavit (Ex. O) and a brief (Ex. P).  He filed these with the Supreme Court, Albany County, which transferred the petition to the Appellate Division, Third Department.  (Ex. R.)  The Third Department, in a decision dated November 16, 2006, wrote as follows (I have omitted the decision's numerous citations of case law):

> . . . Here, the acquaintance testified that petitioner approached him to discuss a previous altercation between petitioner and the acquaintance's brother.  An argument ensued, during which petitioner struck the acquaintance with his fists and a stick with a nail in it.  This testimony is sufficient to support the determination that petitioner violated the terms of his parole.  Any credibility determination with respect to Davidson's claim was an issue for the Board of Parole to resolve.  Contrary to petitioner's contention, the fact that he was acquitted of the criminal assault charges does not preclude the Board from revoking his parole based on the same conduct.  Finally, given the violent nature of the attack and

the fact that it occurred less than four
months after petitioner's release, we are not
persuaded that it was harsh and excessive for
the Board to order petitioner held until the
maximum expiration date of his sentence.

Petitioner's remaining contentions have
been considered and determined to be without
merit.

(Ex. R; *In re Davidson v. New York State Div. of Parole*, 34
A.D.3d 998 (3d Dep't 2006).)

On November 22, 2006, Davidson filed a motion for leave to
appeal that decision to the Court of Appeals. (Ex. S.) The
Court of Appeals denied the motion on February 13, 2007. (Ex.
U.)

On January 9, 2007, Davidson filed another Article 78
petition, again in Supreme Court, Albany County (Ex. V); he
challenged the jail-time credit calculation made by the Division
of Parole. A search of that court's docket sheet shows that on
November 26, 2007, that petition was dismissed. Davidson does
not appear to have appealed that ruling.

## DISCUSSION

Davidson divides his habeas petition into eleven Grounds.
Grounds One, Four and Eleven present similar legal questions, so
I will discuss them as a group.

GROUND ONE: Similarity of Division of Parole Charges,
to that of the Penal Law, creates double jeopardy
violations of State and Federal [Constitutions].

GROUND FOUR: Double Jeopardy - - Collateral Estoppel
and Res Judicata clauses disregarded to the 'Ultimate
Issue of Fact' violating the Separation of Powers.

GROUND ELEVEN: The 'Presumption of Innocence' accorded
in Our Constitutions, Trial by Jury results of 'Actual
Innocence' is being stated: "Not Guaranteed Actually
Innocent".

The jury acquitted Davidson of the criminal charges as to
the April 10, 2004 incident, but then the Parole Board revoked
his parole, essentially on the basis of the same conduct.
Davidson claims that this violated the principles of double

jeopardy, res judicata, and collateral estoppel.  The Third
Department rejected that claim on the merits, *In re Davidson*, 34
A.D.3d at 999 (citing New York case law).  Now that Davidson is
seeking federal habeas, he must show that the Third Department's
decision was contrary to, or based on an unreasonable application
of, clearly-established Supreme Court law.

The Double Jeopardy Clause of the Fifth Amendment protects
against "a second prosecution for the same offense after
acquittal [or] . . . conviction . . . [and] it protects against
multiple punishments for the same offense." *North Carolina v.
Pearce*, 395 U.S. 711, 717 (1969).  Davidson's "entire sentence,
including the period of supervised release, is punishment for the
original crime" (manslaughter); and any revocation of parole is
merely part of the punishment for the underlying manslaughter
charge.  *United States v. Amer*, 110 F.3d 873, 884 (2d Cir. 1997).
A parole board decision "is neither the imposition nor the
increase of a sentence, and it is not punishment for purposes of
the Double Jeopardy Clause." *Alessi v. Quinlan*, 711 F.2d 497,
501 (2d Cir. 1981).

"[A]s a matter of law, parole revocation proceedings based
on the charges on which [the defendant] was acquitted are not
barred." *Papadakis v. Warden*, 631 F. Supp. 252 (S.D.N.Y. 1986).

The administrative nature of parole revocation hearings bars
the defendant from invoking collateral estoppel or res judicata.
*Ex rel. Carrasquillo v. Thomas*, 527 F. Supp. 1105, 1109 (S.D.N.Y.
1981), *aff'd*, 677 F.2d 225 (2d Cir. 1982).  "It is stating the
obvious to say that a criminal prosecution and a parole
revocation hearing differ in concept and purpose and that the
proof necessary to sustain each is different." *Id.*  The
prosecutor in Kings County needed to prove Davidson guilty beyond
a reasonable doubt.  The jury's acquittal meant only that the
prosecutor had not met that high burden of proof.  By contrast,
the Division of Parole needed to prove the alleged parole
violation only by a preponderance of the evidence.  *See United
States v. Meeks*, 25 F.3d 1117, 1123 (2d Cir. 1994) (noting the
same distinction under federal law).  Because of the different
burdens of proof, the principles of double jeopardy and res
judicata do not "preclude the use of acquitted charges to deny or
revoke parole." *United States v. Rosenberg*, 108 F. Supp. 2d 191,
221 (S.D.N.Y. 2000).

GROUND TWO: Credibility of alleged victim which was
never investigated, has sustained charges # 1 and # 3
of the Revocation of Parole, along with the hearsay

- 6 -

statements which were used as probable cause to revoke,
        was by law unreliable and violation of due process.

        Davidson argues that the testimony of Randy Williams (the
sole witness to appear against him at the revocation hearing) was
unreliable and/or incredible.

        Even when parole (or supervised release) is revoked as to a
federal convict, a federal court does not have the power "to
substitute its own discretion for that of the [Parole] Board."
*Billiteri v. United States Board of Parole*, 541 F.2d 938, 946 (2d
Cir. 1976). Indeed, even if Davidson's revocation hearing had
been a criminal trial, a federal court would be required to
presume "that the trier of fact resolved any such conflicts in
favor of the prosecution, and must defer to that resolution."
*Jackson v. Virginia*, 443 U.S. 307, 326 (1979). Here, the ALJ
accepted Randy Williams's testimony, which formed a rational
basis for a finding of violation of the parole conditions signed
by Davidson.

        GROUND THREE: Revocation time frame was violated and
        same for Petitioner's due process - - procedural and
        substantive.

        Davidson alleges a violation of New York Executive Law §
259-i(3)(f). This is not a ground for federal habeas relief;
"[i]n conducting habeas review, a federal court is limited to
deciding whether a conviction violated the Constitution, laws, or
treaties of the United States." *Estelle v. McGuire*, 506 U.S. 62,
68 (1992). In any event, it appears that § 259-i(3)(f) requires
only that the final revocation hearing be commenced within 90
days of the preliminary hearing waiver, not that an ALJ render a
decision within 90 days. *Gill v. Stella*, 845 F. Supp. 94, 98
(E.D.N.Y. 1994). Moreover, the Second Circuit has written:

                New York provides procedures for parole
                revocation that generally satisfy due
                process. *See, e.g.*, N.Y.Exec.Law § 259-
                i(3)(f). We have also approved the practice
                of declaring a delinquency date and
                readjusting a defendant's maximum expiration
                date when the alleged parole violation is
                sustained at a final revocation hearing.

*Calhoun v. New York State Div. of Parole Officers*, 999 F.2d 647,
652 (2d Cir. 1993).

Davidson waived preliminary hearing on May 5, 2004. The ALJ held the final revocation hearing on July 20, 2004, only 76 days later and well within the 90-day time frame established by Executive Law § 259-i(3)(f). The ALJ wrote his recommendation on August 20, and the Parole Board affirmed the AlJ's recommendation on August 25, 2004.

To the extent that Davidson may be complaining about the 36 days between the final revocation hearing and the Parole Board's decision, I note that *People ex rel. Knowles v. Smith*, 54 N.Y.2d 259 (1981), ruled that a three-month delay was within the state-law requirement of "as soon as practicable" (9 N.Y.C.R.R. § 8005.20) and also satisfied due process.

> GROUND FIVE: Mitigating Circumstances not in
> accordance to dictation of the statute, the fundamental
> fairness implicated therein to Inappropriate
> Incarceration, penalty imposed was irrational bordering
> on impropriety.

Davidson pleaded guilty to first-degree manslaughter, and his original sentence was 6 to 18 years. He apparently served 12 years and 4 months before being released on parole in December 2003. Because of the finding of parole violation, he is being required to serve the remaining 5 years and 8 months, as permitted by 9 N.Y.C.R.R. § 8004.1. "No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992).

Davidson argues that this is cruel and unusual punishment in violation of the Eighth Amendment, because he had the support of his family and the community and he was employed during his parole. However, "[t]he Parole Board has discretion to accord these considerations whatever weight it deems appropriate . . . ." *Siao-Pao v. Mazzuca*, 442 F. Supp. 2d 148, 155 (S.D.N.Y. 2006).

> GROUND SIX: K-Calendar Rule, is being ambiguously
> misinterpreted by D.O.P. and unlawfully used.

Davidson claims that the K-Calendar Rule was unlawfully used in his parole revocation proceedings. A few weeks before his parole hearing, Davidson raised this claim in a habeas petition to Supreme Court, Bronx County. Justice Bamberger rejected the claim. On September 29, 2004, she wrote a thorough opinion (Ex. G), which stated in part:

> . . . The papers submitted by the
> respondent . . . show that the petitioner's
> cases were not on the K calendar, but were
> treated in the normal course . . . . Based
> on this record the Court finds that the K
> calendar did not play a role in the
> processing of this case.  Further, the record
> does not support any claim that the
> petitioner requested that his parole case be
> placed on the K calendar.

(Ex. G., *affirmed*, *People ex rel. Davidson v. Warden*, 22 A.D.3d
344 (1st Dep't 2005), *leave dismissed*, 5 N.Y.3d 872 (2005), *leave
denied*, 6 N.Y.3d 703 (2006).)  Davidson has not shown that
Justice Bamberger's findings were inaccurate.

GROUND SEVEN: Delinquent time in error, pursuant to
law, and time served assessment pursuant to law
(dismissal/acquittal clause).

It is undisputed that on April 10, 2004, Davidson had an
altercation with Randy Williams and was promptly arrested for
assault.  He posted bail on the criminal charges, but, on May 5,
2004, he was arrested on a revocation-of-parole warrant when he
reported to his parole officer for a scheduled meeting.  There is
no constitutional right to bail on parole revocation warrants
absent the "most unusual circumstances."  *Galante v. Metropolitan
Correctional Center*, 573 F.2d 707, 708 (2d Cir. 1977).

Davidson claims that the ALJ improperly set a delinquency
date of April 10, 2004.  However, "the date of delinquency is the
earliest date that a violation of parole is alleged to have
occurred."  9 N.Y.C.R.R. § 8004.3(b).  New York law dictates that
the date of an offense or the date of an arrest is the proper
delinquency date.  *In re Jarrell v. Rodriguez*, 167 A.D.2d 776,
777 (3d Dep't 1990).  The April 10, 2004 delinquency date is
correct.

GROUND EIGHT: D.O.P. has usurp[ed] their authority by
creating their own 'Jail Time Certificate' and
unlawfully disregarded the Penal Law and denied the
Petitioner jail time credit for time he was held in
custody on their warrant (# 396616).

Davidson asserts that New York State has not given him
enough jail-time credit for the period from May 5, 2004 (when he
was detained on the revocation-of-parole warrant based on the
4/10/04 incident) to December 15, 2004 (when he was sentenced to

one year of imprisonment for the assault conviction based on the 3/28/04 incident).

As I mentioned at page 5, Davidson filed an Article 78 petition in Supreme Court, Albany County, on January 9, 2007 (Ex. V), which challenged the State's calculation of his jail-time credit.  AAG David L. Cochran responded on May 25, 2007 (Ex. W and Ex. X).  At Ex. X, ¶ 11, AAG Cochran wrote a chart showing the exact periods of time during which Davidson was in jail or prison, and which have been credited as service of his 18-year manslaughter sentence.  AAG Cochran then went on to explain the exact periods of Davidson's jail time which have been credited as service of his 1-year assault sentence:

> 14.  Printouts from the NYC Department of Correction indicate the 1-year sentence he received on December 15, 2004 for Assault in the 3rd Degree was credited with the following periods:  From April 11, 2004 to April 14, 2004, when he was released on bail, and from May 5, 2004 to January 6, 2005.  [FN2:] The parole jail time petitioner did receive [toward his 1-year assault sentence] should have excluded the 33-day period between December 5, 2004 and January 6, 2005.  This error has since been rectified.  [In other words, the State has now said that a mere seven months was adequate service of the 1-year sentence, and starting on December 5, 2004 (as shown at ¶ 11 of Ex. X) Davidson resumed serving the 5 years and 8 months and 19 days that were remaining on his underlying sentence of 18 years for manslaughter.]

After AAG Cochran submitted those opposing papers (Ex. W and Ex. X), a judge in Supreme Court, Albany County dismissed Davidson's Article 78 petition on November 26, 2007.  It is unclear whether Davidson appealed that ruling, as I mentioned at page 5 of this Report.

In any event, Davidson is attempting to use federal habeas to pursue that issue of jail-time credit.  He asks for a form of "double dipping" - - he wants his 2004 jail time to be credited against his old manslaughter sentence as well as against his 12/15/04 assault sentence.  This argument raises an issue of state law, but a federal habeas court is limited to issues of federal law.

GROUND NINE: D.O.P. has unlawfully prohibited
Petitioner from driving trucks and/or vans for a
living, which meats, produce and/or civilians are
transported from one destination to another, a skill
and job assignment used and allowed by N.Y.S. DOCS (the
Van Service mostly) while in prison.

The parole condition about driving trucks had nothing to do
with the revocation of Davidson's parole or current
incarceration. Davidson is currently in custody for the entire
remainder of his original sentence. He is not being subjected to
any parole conditions. Accordingly, Ground Nine is academic and
moot.

GROUND TEN: The 'Substantial Right' not to be deprived
of the evidence (of the entire record) and review,
before concluding a final determination, and/or
immediate direct appeal review, of the issues

Davidson requested transcripts of the adjournment hearings
held on June 4 and June 25, 2004. These two hearings were merely
adjournments that were within the 90-day time frame established
by N.Y. Executive Law § 259-i(3)(f). Nevertheless, Davidson
complains that he did not receive transcripts of those
adjournments. "Indigent defendants are entitled to free copies
of transcripts only when they are *needed* to vindicate legal
rights." *Leslie v. Matzkin*, 450 F.2d 310, 312 (2d Cir. 1971)
(emphasis in original).

CONCLUSION AND RECOMMENDATION

For the reasons set forth above, I recommend that Judge
Pauley deny Davidson's petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the
Federal Rules of Civil Procedure, any party may object to this
recommendation within 10 business days after being served with a
copy (i.e., **no later than August 18, 2008**), by mailing written
objections to the Pro Se Clerk of the U.S. District Court and
mailing copies (a) to the opposing party, (b) to the Honorable
William H. Pauley, III, U.S.D.J., at Room 2210, 500 Pearl Street,
New York, NY 10007 and (c) to me at Room 1360, 500 Pearl Street,
New York, NY 10007. Failure to file objections within 10
business days will preclude appellate review. *Thomas v. Arn*, 474
U.S. 140, 106 S. Ct. 466 (1985); *Small v. Secretary of Health and
Human Services*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28
U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), and 6(d). Any

request for an extension of time must be addressed to Judge
Pauley.

_Douglas F. Eaton_
DOUGLAS F. EATON
U.S. Magistrate Judge

Dated:     New York, New York
           July 30, 2008

Copies of this Report and Recommendation were mailed on this date
to:

Chester Davidson
Prisoner No. 93A5276
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051

Jodi A. Danzig, Esq.
Assistant Attorney General
120 Broadway
22nd Floor
New York, NY 10271

Hon. William H. Pauley, III