UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X

CHESTER DAVIDSON,                                            12/2/08

                          Petitioner,          06 Civ. 7676 (WHP) (DFE)

-against-                                       MEMORANDUM AND ORDER

JOSEPH DAVID, Superintendent of
Greene Correctional Facility,

                          Respondent.

----------------------------------------------------X

WILLIAM H. PAULEY III, District Judge:

             Chester Davidson ("Davidson") brings this pro se petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  On July 30, 2008, Magistrate Judge Douglas F. Eaton

issued a Report and Recommendation (the "Report") that this Court deny the petition.  Davidson

filed an objection to the Report.  For the following reasons, this Court adopts the Report and

denies the petition.


                                   BACKGROUND

             Davidson pled guilty to manslaughter in the first degree and was sentenced to six

to eighteen years by the New York Supreme Court, Kings County on June 3, 1993.  (Report at

2.)  On December 29, 2003, Davidson was conditionally released on parole by the New York

State Department of Correctional Services.  (Report at 2.)  On April 10, 2004, Davidson was

arrested and charged with assault in the second and third degrees and criminal possession of a

weapon in the fourth degree.  (Report at 2.)  The criminal complaint relating to the arrest alleged

that Davidson attacked Randy and Ricky Williams with a dangerous instrument (the "April

Incident"). (Report at 2.) While Davidson was released on bail after the arrest, he was rearrested on May 5, 2004, on a parole violation warrant. (Report at 2.) At the trial, Davidson was prosecuted for the April Incident and a previous incident on March 28, 2004, when Davidson punched Ricky Williams repeatedly (the "March Incident"). (Report at 3.) Davidson was found guilty only of the charges related to the March Incident. (Report at 3.)

On July 20, 2004, at his parole revocation hearing, Davidson was found to have violated his parole based on the April Incident. (Report at 3-4.) The Administrative Law Judge recommended that Davidson serve the remainder of the manslaughter sentence and the Parole Board approved the recommendation. (Report at 4.) On December 27, 2004, the Appeals Unit of the Parole Board affirmed the determination of the Parole Board. (Report at 4.)

On August 4, 2004, Davidson filed a habeas petition in the New York Supreme Court, Bronx County, which was denied. That decision was affirmed by the Appellate Division. (Report at 4.) The New York Court of Appeals denied leave to appeal. (Report at 4.) Davidson also filed two separate Article 78 proceedings. Both were dismissed. (Report at 4.)

Petitioner objects to the Report on the grounds that (1) the double jeopardy clause of the Fifth Amendment precluded the Parole Board from finding a parole violation based on the April Incident; (2) the parole revocation hearing was not impartial; and (3) his time spent in jail was incorrectly calculated.

DISCUSSION

I. Standard of Review

The Court reviews the findings and recommendations of a magistrate judge and "may accept, reject, or modify [them], in whole or in part." 28 U.S.C. § 636(b)(1). The Court reviews de novo those parts of the Report to which objections are made, and reviews the

remainder for clear error on the face of the record. 28 U.S.C. § 636(b)(1); <u>Nelson v. Smith</u>, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Where a state court has adjudicated the merits of a claim raised in a federal habeas corpus petition, a writ of habeas corpus may issue only if the state court's adjudication resulted in a decision that (1) "was contrary to . . . or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d); <u>see also</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 364 (2000); <u>Francis v. Stone</u>, 221 F.3d 100, 107-8 (2d Cir. 2000).

## II. <u>Double Jeopardy</u>

The double jeopardy clause of the Fifth Amendment protects against "second prosecution[s] for the same offense after acquittal [or] . . . conviction" and "against multiple punishments for the same offense." <u>North Carolina v. Pearce</u>, 395 U.S. 711, 717 (1969). "[T]he Double Jeopardy Clause does not provide relief to convicts whose parole . . . is revoked for commission of a crime." <u>Marcelin v. Garvin</u>, No. 97 Civ. 2996 (AJP), 1999 WL 977221, at *9 (S.D.N.Y. Oct. 26, 1999); <u>see also</u> <u>United States v. Amer</u>, 110 F.3d 873, 884 (2d Cir. 1997); <u>Alessi v. Quinlan</u>, 711 F.2d 497, 501 (2d Cir. 1983). Due to the differing burdens of proof in a criminal trial and a parole hearing, double jeopardy does not "preclude the use of acquitted charges to deny or revoke parole." <u>United States ex rel. Carrasquillo v. Thomas</u>, 527 F. Supp. 1105, 1109 (S.D.N.Y. 1981); <u>see also</u> <u>Papadakis v. Warden, Metropolitan Correctional Center</u>, 631 F. Supp. 252, 255 (S.D.N.Y. 1986). Accordingly, the Parole Board was entitled to revoke Davidson's parole based on the April Incident even though Davidson was acquitted of the criminal charges related to that incident.

3

III. <u>Partiality of Parole Revocation Hearing</u>

A habeas court must defer to the Parole Board's findings on issues of fact concerning the adequacy of evidence, as a federal court lacks the power to "substitute its own discretion for that of the [Parole] Board." <u>Billiteri v. United States Bd. of Parole</u>, 541 F.2d 938, 945-6 (2d Cir. 1976).  In addition, "to withstand judicial review, there need only be some factual basis for the Board's determination that the parolee did violate the terms and conditions of his parole."  <u>Suce v. Taylor</u>, No. 07 Civ. 8463 (VM), 2008 WL 3166689, at *11 (S.D.N.Y. Aug. 4, 2008) (internal quotation marks and citation omitted).    This deference also applies to decisions concerning "witness credibility determinations made by the presiding [Administrative Law Judge]." <u>Suce</u>, 2008 WL 3166689, at *11 (internal quotation marks and citation omitted). Davidson challenges the factual basis of the decision and credibility decisions.  Since this Court defers to the factual findings and credibility determinations of the Parole Board, Davidson's challenge is without merit.

IV. <u>Davidson's Time Accrual Claim</u>

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." <u>Estelle v. McGuire</u>, 502 U.S. 62, 63 (1991).  Because Davidson's jail-time credit and delinquency date were matters of New York state law, this Court cannot review those determinations.

Davidson does not object to the remainder of the Report.  This Court finds that the remainder of the Report is not facially erroneous, and affirms and adopts it.

4

CONCLUSION

This Court adopts the Report of Magistrate Judge Douglas F. Eaton.

Accordingly, Davidson's petition is denied.

Because "jurists of reason would [not] find it debatable" that the petition should be resolved in a different manner, a certificate of appealability will not issue.  See Slack v. McDaniel, 529 U.S. 473, 483 (2000).  In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith

The Clerk of the Court is directed to terminate all pending motions and mark this case as closed.

Dated:      December 2, 2008
            New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Copies Mailed to:*

Mr. Chester Davidson
#93-A-5276
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051
*Davidson Pro Se*

Jodi A. Danzig, Esq.
Office of the Attorney General
120 Broadway, 22nd floor
New York, NY 10271
*Counsel for Respondent*